IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSHUA HOSKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 16-cv-00334-MJR |
| | ) | CIVIL NO. 16-cv-00335-MJR |
| MR. DILDAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is once again before the Court for case management, including a decision on the following pending motions: Motion to Consolidate Court Fees (Doc. 10); Motion for Leave to Amend (Doc. 11); and Motion for Status (Doc. 12). For the reasons set forth below, Plaintiff's Motion to Consolidate Court Fees (Doc. 10) shall be **DENIED**, and his Motion for Leave to Amend (Doc. 11) and Motion for Status (Doc. 12) shall be **GRANTED**.

**1.     Motion to Consolidate Court Fees (Doc. 10)**

On March 28, 2016, Plaintiff Hoskins filed two separate civil rights actions in this District pursuant to 42 U.S.C. § 1983. *See Hoskins v. Dilday*, 16-cv-00334-MJR and *Hoskins v. Dilday*, 16-cv-00335-MJR. He incurred the obligation to pay a separate filing fee for each case on the date of filing, regardless of the Court's subsequent decision to consolidate the two cases. Accordingly, Plaintiff's request to waive one of these filing fees in Doc. 10 is **DENIED**.

**2.     Motion for Leave to Amend (Doc. 11)**

On April 11, 2016, this Court entered an order consolidating the two actions (Doc. 7). The first of these cases, *i.e.*, *Hoskins v. Dilday*, 16-cv-00334, is considered the "lead case."

The Clerk refiled the complaints (Doc. 1) in both cases as a single "First Amended Complaint" in the newly consolidated case.

Before the Court completed its initial screening of the First Amended Complaint under 28 U.S.C. § 1915A, Plaintiff filed a Motion for Leave to Amend (Doc. 11). He wishes to add at least one new defendant to this action. Plaintiff failed to file a proposed "Second Amended Complaint" with his motion, and the Court does not accept piecemeal amendments. However, Plaintiff's request is timely, and this case is still in its infancy. For these reasons, Plaintiff's request for leave to amend in Doc. 11 is **GRANTED**.

If he wishes to file a "Second Amended Complaint," Plaintiff must do so on or before July 27, 2016. Until then, the Court will not screen the First Amended Complaint (Doc. 8) pursuant to 28 U.S.C. § 1915A. Plaintiff is advised that an amended complaint supersedes and replaces an earlier complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).

Because the Court cannot accept piecemeal amendments to a complaint, the "Second Amended Complaint" must stand on its own, without reference to any previous pleading. The pleading should be clearly labeled, "Second Amended Complaint," and refer to the case number for the lead case, *i.e.*, 16-cv-00334-MJR. Plaintiff must include any facts which may exist to support *all* of his claims, including those he has raised in Case Nos. 16-cv-00334-MJR and 16-cv-00335-MJR. He must name the individual defendants who are directly responsible for the alleged constitutional violations and include any new defendant(s) he wishes to add. If Plaintiff does not file an amended complaint in accordance with this order, the Court will proceed with its threshold review of the First Amended Complaint (Doc. 8) after the deadline for filing the "Second Amended Complaint" passes. In order to assist Plaintiff in preparing his

"Second Amended Complaint," the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

3. **Motion for Status (Doc. 12)**

Plaintiff's request for the status of this matter in Doc. 12 is **GRANTED** and addressed above.

4. **Request for Emergency Relief**

Finally, Plaintiff has expressed a desire to file a new motion for emergency relief. It is unclear whether he would like to request a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b) or a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(a). Either way, he is free to request either form of relief at any time during the pending action (*see* Doc. 5). That being said, expressions of intent are not enough. Plaintiff must actually file a motion pursuant to Rule 65(a) or (b) and set forth specific facts that support his request for relief. The Court strongly recommends that he file any such motion on or after the date he files his "Second Amended Complaint."

**IT IS SO ORDERED.**

**DATED: June 22, 2016**

<u>s/ MICHAEL J. REAGAN</u>
**Chief Judge**
**United States District Court**